BENJAMIN B. WAGNER
United States Attorney
PHILIP A. FERRARI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED

MAY 13 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. CR S 14-0035 JAM |
|---|---|
| Plaintiff, | CORRECTED MOTION TO DISMISS INDICTMENT WITHOUT PREJUDICE; ORDER |
| v. | |
| MICHAEL MARTIN, | Date: May 13, 2014<br>Time: 9:45 a.m. |
| Defendant. | Court: Hon. John A. Mendez |

Defendant Michael Martin was originally charged in this District with a complaint charging him with being a felon in possession of a firearm. Docket, # 1. As set forth in the complaint, Martin was arrested on January 29, 2014, when officers found a firearm in his residence while executing a search warrant issued by this Court but relating to an investigation out of the Northern District of California. *Id*. Martin made his initial appearance in this District on January 30, 2014. Docket, # 2. Martin was subsequently ordered detained pending trial. Docket, # 6. On February 12, 2014, the grand jury returned an indictment charging him with one count of being a felon in possession. Docket, # 8.

On April 10, 2014, Martin was named in a superseding indictment returned in the Northern District of California in case no. 14-00093 JSW. Martin is one of five defendants named in that case, which charges various Hobbs Act violations. In particular, all five defendants, including Martin, are charged with conspiring to commit robbery affecting interstate commerce in violation of Title 18, U.S.C.

§ 1951(a). Martin is the only defendant charged in counts three through six of the superseding indictment, each of which charges a separate robbery affecting interstate commerce, in violation of 18 U.S.C., § 1951(a). Specifically, those counts allege that on four separate dates from July 3, 2013, through October 4, 2013, Martin robbed victims from three different states of items of jewelry the victims had posted for sale on Craigslist. In addition, Martin is named in forfeiture allegations contained within the superseding indictment, including one putting Martin on notice of forfeiture of the same firearm that Martin is alleged to have possessed in the indictment pending in this district (a .38 caliber European American Armory Windicator Revolver, serial number 1554674).

According to the Northern District's docket, three of Martin's co-defendants have made their initial appearances, and a writ has issued for the fourth. ND Case 14-CR-00093 JSW, Docket ## 2, 8, 9, 29. All three co-defendants who have made appearances have been ordered detained pending trial. ND Case 14-CR-00093 JSW, Docket ## 14, 16, 38. A status conference in that matter is currently set for June 17, 2014. ND Case 14-CR-00093 JSW, Docket # 48.

Although the case in this District consists of only a single charge, discussions between the parties have made it clear that the case is unlikely to resolve short of trial. The case in the Northern District involves four other defendants, multiple victims and multiple additional witnesses. All four of Martin's co-defendants in that case are in custody. The maximum statutory penalties that Martin faces in the Northern District's case are double what he faces in this District. Because of the nature of the activity alleged in the Northern District's case, the impact of the charged crimes on multiple alleged victims, and the defendant's potential sentencing exposure, the U.S. Attorney offices in both districts consider the Northern District's case to be a priority.

The underlying criminal act Martin is charged with committing in this District occurred in January of this year, and there is not yet any legitimate danger that if the government subsequently re-indicts him on this charge, the delay will prejudice him in any sense. Dismissals under Rule 48(a) "are generally presumed to be without prejudice". *United States v. Brown*, 425 F.3d 681, 682 (9th Cir. 2005); *United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974) (. "[W]hen an indictment is dismissed before trial upon the government's motion under Rule 48(a) . . . the dismissal is without prejudice to the government's right to reindict for the same offense, unless the contrary is expressly

1  stated."). There is no basis to challenge that presumption in a case such as this, where the dismissal will
2  serve to clear this Court's docket, will aid in the speedy resolution of the matter pending on the Northern
3  District's docket, and where it will benefit not only the victims and witnesses in the Northern District's
4  case, but presumably the defendant himself as well. For all of the foregoing reasons, the government
5  hereby moves the Court for an order dismissing the indictment in case no. 14-0035 JAM without
6  prejudice.

7      The parties are currently set to appear before this Court for a status conference on May 13, 2014.
8  Docket, # 16. It is the government's understanding that an arrest warrant from the Northern District has
9  been lodged with the Sacramento County jail as a detainer on the defendant, and that if the pending
10 motion is granted, the defendant will be transported in custody to the Northern District pursuant to the
11 warrant.

12 Dated: May 9, 2014                               BENJAMIN B. WAGNER
                                             United States Attorney

14                                   /s/ Philip A. Ferrari
                                     PHILIP A. FERRARI
15                                   Assistant United States Attorney

18                                        **O R D E R**

19     The United States' motion to dismiss is GRANTED and the indictment (Docket, #8) is ordered
20 DISMISSED WITHOUT PREJUDICE.

21 **SO ORDERED:**

22 DATED: 5/13/14

23                               HONORABLE JOHN A. MENDEZ
24                               UNITED STATES DISTRICT JUDGE